UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**JOSE LUIS ESTRADA MATA**
 an individual,

Plaintiff,

v.

**BAI LEE, LLC,** a Michigan Limited Liability Company **d/b/a SAKURA JAPANESE RESTAURANT;**
**SHUN LEE, INC** a Domestic Profit Corporation **d/b/a Sakura 8; MEI FANG ZHOU ,** an individual;
**BI YING CHEN,** an individual,; **WEI CHEN,** an Individual; Jointly and Severally
Defendants.

Hon.

Case No.

| AVANTI LAW GROUP, PLLC<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |
|---|---|

## PLAINTIFF'S  ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through their attorneys at the Avanti Law Group, PLLC, and in their Original Complaint state as follows:

1. This is a civil action for **Wage Theft** brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*. and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*..

1

2. During the relevant time period, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

3. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiff seeks a declaration that his rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

8. Employees of the Defendants were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Corporate Defendants annual gross volume of sales made or business done is not less than $500,000.

11. Defendants employed more than two persons.

12. Defendants business entities are and were at all times relevant incorporated or organized in the State of Michigan and had a principal place of business located in the city of Grandville, Michigan within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

14. Plaintiff Jose Luis Estrada Mata (hereinafter referred to as "Estrada") is an individual who at all times relevant to this complaint resides in the County of Kent, State of Michigan.

15. Plaintiff executed consent to sue form, attached hereto as *Exhibit A*.

16. Defendant Bai Lee, LLC (hereinafter referred to as " Bai") is a Michigan limited liability company whose registered agent is Wai Lee who is located at 5369 Maple Hill Ave SE in Ada, MI 49301.

17. Defendant Shun Lee, Inc (hereinafter referred to as "Shun") is a Michigan domestic profit corporation whose registered agent is Mei Fang Zhou and whose registered office is located at 3540 Rivertown Point Ct. SW in Grandville, MI 49418.

18. Defendants Bai and Shun are or have been operating a restaurant under the name of Sakura Japanese Steakhouse (these Defendants will hereinafter collectively be referred to

as "Sakura") located at 3540 Rivertown Point Ct. SW in the city of Grandville, MI since 2014.

19. Defendant Mei Fang Zhou is a shareholder and owner of Shun.

20. Defendant Bi Yeng Chen is a shareholder and owner of Shun.

21. Defendant Wei Chen is a shareholder and owner of Shun.

22. Defendants Mei, Bi and Wei were responsible for, had authority to and did enact the policies and practices in Sakura that led to the Wage Theft suffered by Plaintiff throughout his employment.

23. Defendants, via an individual known as "Shen Chen" hired Plaintiff directly, set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff' rate of compensation, and was responsible for compensating Plaintiff.

24. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

25. Plaintiff Estrada worked for Sakura from approximately December 2014 through October, 2024.

26. Estrada's job responsibilities included but was not limited to opening the restaurant, food preparation and other tasks as assigned in the kitchen.

27. Estrada typically worked Monday, Wednesday & Thursday 10:30am - 10pm; Friday 10:30am - 11pm; Sat 11am - 11pm; Sunday 11am - 9pm. Averaging a 69 hour work week.

28. At times, Defendants would also require Plaintiff to work on Tuesdays even though it was his scheduled day off.

29. Defendants failed to record the hours worked by Plaintiff and other workers.

4

30. Plaintiff was compensated in part via check and the rest in cash.

31. Defendants would similarly pay other workers a part of their wages via a check and the rest in cash.

32. An individual named Steve (possibly with the last name Chen) would give Plaintiff his check and the cash for his pay twice a month.

33. Estrada was compensated on a salary of between $2,500 and $4,500 per month during his employment.

34. Plaintiff was not compensated at the required minimum wage for every hour worked.

35. Plaintiff was not compensated at a rate no less than one and one half their regular hourly rate for hours worked over forty (40) in a workweek.

36. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

37. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

38. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

39. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## WILLFUL VIOLATIONS OF THE FLSA AND TOLLING OF THE STATUTE OF LIMITATIONS

40. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

41. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage and overtime rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

42. Defendants are sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

43. Defendants actively misled Plaintiff into believing that he was not entitled to an overtime premium throughout their entire employment.

44. Defendants stated to Plaintiff on more than one occasion that he was not entitled to an overtime premium.

45. Defendants also failed to post the minimum and overtime wage notices required under Michigan state and U.S. Department of Labor regulations.

46. Plaintiff did not have actual or constructive knowledge of his right or entitlement to an overtime premium.

47. Plaintiff is seeking equitable tolling of the statute of limitations of the FLSA to pursue his stolen wages from day one of his employment with Defendants.

48. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

49. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

50. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

51. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

52. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

53. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

54. Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

55. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

56. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

57. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

58. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

7

59. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

60. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

61. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

62. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

63. Defendants' violations of the FLSA were knowing and willful.

64. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

65. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT III**
**VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq. FAILURE TO PAY MINIMUM WAGE**

66. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

8

67. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

68. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

69. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

70. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

71. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

72. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT IV**
**VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY  WAGE ACT, M.C.L. §408.931 *et seq*.,**
**FAILURE TO PAY OVERTIME**

73. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

74. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

75. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

9

76. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

77. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

78. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a workweek as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

79. By failing to compensate Plaintiff at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

80. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

10

D.       Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E.       Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA; and

F.       The Court grants such other and further relief as the Court may deem just or equitable.

          Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through their attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                              Respectfully Submitted,

                              */s/  Robert Anthony Alvarez           .*
                              Robert Anthony Alvarez (P66954)
                              Attorney for Plaintiff
                              Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/11/24

/s/ Jose Luis Estrada Mata
Jose Luis Estrada Mata